**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES GUY
ADC #78939                                                                                    PETITIONER


VS.                                        5:06CV00322 WRW/JTR


LARRY NORRIS, Director
Arkansas Department of Correction                                           RESPONDENT


### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the

Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other

evidence (including copies of any documents) desired to be

introduced at the requested hearing before the United States District

Judge.

From this submission, the United States District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I. Background

Pending before the Court is Respondent's Motion to Dismiss (docket entry #6) this §

2254 habeas action on the grounds that: (1) the habeas Petition was filed outside the statute of

limitations; and (2) Petitioner procedurally defaulted his habeas claims by failing to present them

in state court. Petitioner has filed a Response (docket entry #7) to the Motion to Dismiss. Thus,

the issues are joined and ready for disposition.

Before addressing the merits of Respondent's Motion, the Court will briefly review the

relevant procedural history. On June 14, 1982, Petitioner pleaded guilty to 11 counts of

aggravated robbery in Pulaski County Circuit Court, for which he received concurrent life

sentences. (Docket entry #6, Ex. A.) Petitioner did not pursue any appeal or state

2

postconviction relief.

On December 27, 2006, Petitioner filed this 28 U.S.C. § 2254 habeas action (docket entry #2) in which he argues that: (1) his guilty pleas were coerced and involuntary; (2) he was provided ineffective assistance of counsel; and (3) he was denied his right to appeal.

For the reasons discussed below, the Court concludes that Respondent's statute of limitations defense has merit, and recommends that this case be dismissed, with prejudice.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations for purposes of § 2244(d)(1)(A), "is triggered. . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

Notably, Petitioner's conviction and sentence were final more than a decade *before* the enactment of the AEDPA on April 24, 1996.  The Eighth Circuit has consistently held that, if a habeas petitioner's conviction became "final" before the AEDPA was enacted, the petitioner has a one-year "grace period," from the date of the enactment of the AEDPA (as opposed to the date on which the conviction became final), to file a federal habeas action. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999). Thus, if a petitioner's state conviction became final anytime before April 24, 1996, he had until April 24, 1997, to file his habeas action in federal court.  *See*

*Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

Petitioner initiated this federal habeas action over nine years after the April 24, 1997 deadline. Thus, the Court concludes that Petitioner initiated this habeas action long after the one-year limitations period imposed by § 2244(d)(1).

Petitioner essentially argues that he is entitled to equitable tolling of the limitations period. Because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar, equitable tolling may be applicable.[1] *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction." *Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

According to Petitioner, he is entitled to equitable tolling of the limitations period because: (1) his attorney allegedly withdrew his Motion to Withdraw Guilty Plea based on the false promise that a Rule 37 Motion would be filed, "never to be heard from again;"(2) his attorney never discussed with him any defenses to the pending charges or the availability of post-conviction relief; and (3) the state prosecutor and defense counsel conspired to coerce his

---

[1]The AEDPA also provides that the one-year limitations period is tolled while a "properly filed" application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and runs, in one continuous block of time, until the highest state appellate court enters a decision on appeal. *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

Respondent represents that he cannot locate any record of any state-court motions for postconviction relief filed by Petitioner. Petitioner states that his lawyer did file a timely Motion to Withdraw Guilty Plea under Rule 26.1 of the Arkansas Rules of Criminal Procedure, but that his lawyer withdrew the Motion and promised that he would file a timely Motion for Rule 37 Relief, which in fact was never filed. Petitioner does *not* attempt to argue that his allegedly filed (and then withdrawn) Motion to Withdraw Guilty Plea provided the many years of statutory tolling that would be necessary to render the current Petition timely.

guilty pleas based on the false promise of lesser sentences. (Docket entry #7.)

Ineffective assistance of counsel, when it is due to an attorney's negligence or mistake, is not generally considered an extraordinary circumstance sufficient to give rise to equitable tolling. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) (post-conviction counsel's representation to prisoner that he was "trying to get appointed" for representation, without telling prisoner he was actually preparing a post-conviction motion, was insufficient to establish equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (noting that a majority of the circuits have held that basic attorney errors such as miscalculation of a filing deadline are generally insufficient to support equitable tolling).

That said, "serious attorney misconduct," as opposed to mere negligence, may warrant equitable tolling.  *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (citing *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir.2003) (tolling statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary."); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002) (petitioner's "allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations" if petitioner reasonably relied on the attorney's misrepresentations); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir.2001) (noting that claims of attorney misconduct may

provide a basis for equitable tolling), *overruled on other grounds* by *Carey v. Saffold*, 536 U.S. 214 (2002); *cf. Rouse v. Lee*, 339 F.3d 238, 250 n. 14 (4th Cir. 2003) (equitable tolling may be appropriate where attorney conduct reaches the level of "utter abandonment"); *but see Modrowski v. Mote*, 322 F.3d 965, 968-69 (7th Cir.2003) (rejecting attorney misconduct as a basis for equitable tolling because such conduct is "attributable to the client")).

After carefully reviewing Petitioner's allegation, the Court concludes that he has not met his burden of establishing extraordinary circumstances sufficient to support equitable tolling. "Equitable tolling should only apply where the petitioner has demonstrated diligence in pursuing the matter." *See Martin*, 408 F.3d at 1095.   Even assuming that Petitioner's attorney informed him in 1982 that she intended to file a Rule 37 Petition, but in fact did not, Petitioner did nothing for almost 15 years and allowed the AEDPA's April 24, 1997 deadline for filing a federal habeas Petition to pass without taking any action.  Any reasonably diligent litigant would not wait more than 14 years, between his conviction and the expiration of the AEDPA grace period, without taking *any action* to determine the outcome of the Rule 37 proceeding.  Similarly, Petitioner makes no explanation for why he waited *more than nine years* after the expiration of the grace period before he initiated this habeas action.

Based on this record, the Court concludes that Petitioner's conclusory allegations do not demonstrate either "due diligence" or "serious attorney misconduct" sufficient to support equitable tolling.  Likewise, Petitioner has failed to establish a  claim of "actual innocence" sufficient to warrant equitable tolling.  *See  Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (actual innocence may be relevant to equitably tolling where a petitioner shows some action or inaction on respondent's part of the respondent that

prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a

reasonably diligent petitioner could not have discovered these facts in time to file a petition

within the period of limitations).[2]  Thus, Petitioner's habeas claims are barred by the statute of

limitations.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket

entry #6) be GRANTED, and the case  DISMISSED, WITH PREJUDICE.

Dated this 16th day of July, 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]Because the Court concludes that Respondent's statute of limitations defense has merit, it
is unnecessary to address his procedural default argument.

7